IN THE SUPREME COURT OF THE STATE OF DELAWARE

WILLIAM GREGORY SUMMERS, §
§ No. 195, 2014
    Defendant-Below, §
    Appellant, §
§
    v. § Court Below: Superior Court
§ of the State of Delaware,
STATE OF DELAWARE, § in and for Kent County
§ Cr. ID 9704012286
    Plaintiff-Below, §
    Appellee. §

Submitted: May 8, 2014
Decided: July 17, 2014

Before **STRINE**, Chief Justice, **HOLLAND**, and **BERGER**, Justices.

## **O R D E R**

This 17th day of July 2014, upon consideration of the opening brief and the appellee's motion to affirm under Supreme Court Rule 25(a), it appears to the Court that:

(1)    The defendant-appellant, William Gregory Summers, filed this appeal from the Superior Court's summary denial of his sixth motion for postconviction relief. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Summers' opening brief that his appeal is without merit.[1] We agree and affirm.

---

[1] Supr. Ct. R. 25(a).

(2) The record reflects that Summers was found guilty of first degree robbery, third degree assault, and misdemeanor theft on January 25, 1999. Summers was declared a habitual criminal under 11 *Del. C.* § 4214(b) and sentenced to life imprisonment. On direct appeal, this Court affirmed Summers' sentencing as a habitual criminal, but reversed the misdemeanor theft conviction.[2] Since his direct appeal, Summers has filed unsuccessful motions and petitions seeking state postconviction, state habeas, and federal habeas relief.[3]

(3) Summers filed his sixth postconviction motion for relief under Superior Court Criminal Rule 61 in May 2014, arguing "[t]he trial court abused its discretion by admitting into evidence an incriminating statement without establishing if the defendant had knowingly and intelligently waived his right to attorney in violation of the 5th and 6th amendment."[4] In the accompanying document titled "Request for Evidentiary Hearing in Show of Cause," Summers conceded that his claim was procedurally barred by Rule 61(i)(1), (i)(2), and (i)(3) because it was untimely, because he failed to raise it in any of his five prior postconviction motions, and because he failed to raise it at trial or on direct

---

[2] *Summers v. State*, 2000 WL 1508771, at *1 (Del. Sept. 15, 2000).

[3] *E.g.*, *Summers v. State*, 2011 WL 3211105 (Del. July 27, 2011); *Summers v. State*, 2010 WL 2635090 (Del. July 1, 2010); *Summers v. State*, 2007 WL 221522 (Del. Jan. 29, 2007); *Summers v. State*, 2004 WL 220327 (Del. Jan. 27, 2004); *Summers v. State*, 2003 WL 21456669 (Del. June 19, 2003); *Summers v. Carroll*, 2006 WL 1338770 (D. Del. 2006).

[4] *Summers v. State*, Cr. No. 9704012286 D.I. 135 at 3.

appeal.[5]  Nonetheless, Summers argued that he had overcome these procedural hurdles by asserting a colorable claim of a miscarriage of justice due to a constitutional violation under Rule 61(i)(5).  The Superior Court denied Summers' postconviction motion as procedurally barred without explicitly addressing Rule 61(i)(5).  This appeal followed.

(4)  This Court reviews the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[6]  The Court must consider the procedural requirements of Rule 61 before addressing any substantive issues.[7]  The miscarriage of justice exception under Rule 61(i)(5)  is very narrow and "has been applied only in limited circumstances, such as when the right relied upon has been recognized for the first time after the direct appeal."[8]  Summers bears the burden of proving the existence of a constitutional violation under Rule 61(i)(5).[9]

(5)  Summers' sixth postconviction motion and accompanying submission only pled that the trial judge erred by accepting a recording of an incriminating

---

[5] *Summers v. State*, Cr. No. 9704012286 D.I. 136 at 1.

[6] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[7] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[8] *Younger*, 580 A.2d at 555.

[9] *Gattis v. State*, 955 A.2d 1276, 1290 (Del. 2008).

3

statement[10] without conducting an inquiry into whether Summers was read his *Miranda* rights or invoked his right to counsel. His cursory motion is devoid of any facts suggesting that the recording of the statements he made during his interrogation by the police that was introduced at his trial was in any way altered. Nor does Summers allege that the transcription of that recording, which was prepared at the direction of Summers' own counsel and is consistent with the recording, was altered. Nor does Summers allege any facts suggesting his statement was coerced.

(6) The record reflects that Summers' trial counsel did not ultimately pursue a motion to suppress Summers' statement that counsel had filed at his request and did not object to admission of the statement at trial. The reason for the decision not to object is easy to discern. The recording and transcription of Summers' interrogation by the police both indicate that Summers was specifically informed of his right to counsel, did not invoke that right, and instead gave an extensive statement to the police. Given this record, and the failure of Summers to allege any facts suggesting the transcript or tape were altered or that his statement was the product of coercion, there was no basis for the trial court to conduct an

---

[10] Summers admitted in this statement to displaying a gun to the victim and taking drugs from her, but denied stealing money from her or hitting her.

inquiry into Summers' waiver of his *Miranda* rights.  Summers has thus failed to state a colorable claim of a miscarriage of justice under Rule 61(i)(5).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice